IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT D. LEE-KENDRICK,             Case No. 15-cv-1117-pp

          Petitioner,

v.

MARC CLEMENTS,

          Respondent.

**ORDER SCREENING PETITION**

## I.    INTRODUCTION

On September 15, 2015, Robert D. Lee-Kendrick, representing himself, filed a petition pursuant to 28 U.S.C. §2254, asserting that his state conviction and sentence violated the Constitution. Dkt. No. 1. With the petition, he filed a motion for leave to proceed *in forma pauperis*, Dkt. No. 4, and his prison trust fund account statement, Dkt. No. 5. On September 22, 2015, the court denied the motion for leave to proceed *in forma pauperis* and ordered that the petitioner pay the $5.00 filing fee. Dkt. No. 7. He paid the filing fee on October 9, 2015 and now the court will screen his petition.

According to the petition, a Milwaukee County jury found the petitioner guilty of two counts of repeated sexual assault of a child and one count of second degree sexual assault of a child. Id. at 1-2. The Milwaukee County Circuit Court entered a judgment of conviction and sentenced the petitioner to forty-five years of confinement (fifteen years for each count, running

1

consecutively) and thirty years of extended supervision (ten years for each count, running consecutively). Id. at 1. Currently, the petitioner is incarcerated at Dodge Correctional Institution. Id.

The petition raises four claims. Dkt. No. 1 at 5-12. First, the petitioner argues that his "[t]rial counsel was ineffective for failing to object to the prosecutor's improper questioning." Id. at 5. According to the petitioner, the prosecutor "improperly . . . insinuated . . . that the defendant was in corroboration with a known 'Crime Boss,'" and the jury asked for more information about this during deliberation. Id. The petitioner asserts that this insinuation prejudiced the jury and caused an unfair trial, and that his attorney's failure to object violated the Sixth Amendment. Id.

In ground two, the petitioner raises another Sixth Amendment claim of ineffective assistance of counsel. Id. at 7. He asserts that his trial attorney "was ineffective for failing to impeach victim witnesses [sic] prior inconsistent statements." Id. According to the petitioner, the victims gave contradictory statements at the preliminary hearing and at trial, and his trial counsel failed to impeach the statements or address the witnesses' credibility. Id. at 15.

In ground three, the petitioner states, "The circuit court should have granted the motion for re-sentencing as the original sentence is based on inaccurate information." Id. at 8. He argues that "[t]he sentencing judge stated on the record that he categorically reject[ed] the [petitioner's] claim that [the petitioner's] attorney advised him to stay away from the residence of an alleged assault, so that the police would be able to search the residence for any

possible evidence." Id. He then states that his "appellate counsel presented signed affidavits clarifying that [his] initial attorney did indeed advise him in such a matter." Id. According to the petitioner, the re-sentencing judge's reliance on inaccurate information violated his "right to be sentenced based on accurate information." Id.

Finally, in ground four, the petitioner asserts that his trial counsel and his appellate counsel violated the Sixth Amendment when they "fail[ed] to raise the issue of misjoinder." Id. at 10. He states, "In December of 2007, [the petitioner] was charged with several sexual assaults concerning three girls," to whom he refers as A.W., K.D., and T.K. Id. at 16. He argues that the "charge involving K.D. was improperly joined" with the charges involving the other two girls, because the evidence did not "overlap," and that his attorneys' failure to object to the joinder violated the Sixth Amendment. Id.

## II. EXHAUSTION OF REMEDIES

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his complaint, to have exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair

3

opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Circ. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a *habeas* petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). See also Rhines v. Weber, 544 U.S. 269, 278 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001).

On June 3, 2011, the Milwaukee County Circuit Court entered a judgment of conviction against the petitioner. Dkt. No. 1 at 1. See also State v. Lee-Kendrick, Case No. 2007CF005865, available at https://wcca.wiscourts.gov. On June 23, 2011, that court sentenced the petitioner. Dkt. No. 1 at 1. The petitioner filed an appeal with the Wisconsin Court of Appeals, and that court affirmed the conviction on April 15, 2015. Id. at 2015. According to the federal *habeas* petition, the petitioner raised the following issues on appeal: (1) ineffective assistance of his trial counsel when the attorney "fail[ed] to object to the prosecutor's improper questioning" and (2) sentencing based on inaccurate information. Id. at 2. On page seven of his

4

petition, the petitioner asserts that this appeal included his claim for ineffective assistance of counsel for failure to impeach the victim/witnesses. Id. at 7.

On August 5, 2015, the Supreme Court of Wisconsin denied the petition for review. Id. The petitioner raised three issues before the Wisconsin Supreme Court: (1) the Wisconsin Court of Appeals should have granted the petition because it raised the constitutional issue of ineffective assistance of counsel; (2) "[s]ufficient facts were alleged to warrant a Machner hearing regarding the claim of ineffective assistance of counsel;" and (3) "[t]he petitioner had a due process right to be sentenced on accurate information." Id. at 3.

Based on the assertions the petitioner makes on the face of his petition, it appears that he has exhausted his state remedies on three claims: (1) ineffective assistance for failure to object to the prosecutor's questioning; (2) ineffective assistance for failure to impeach witnesses' contradictory statements; and (3) sentencing based on inaccurate information. It appears that the petitioner raises the issue of misjoinder for the first time in this *habeas* proceeding, and that he has not exhausted his remedies as to that claim.

The court will consider whether the first three claims (grounds one through three) are the type for which a federal court can grant *habeas* relief. The court notes, however that it has not made a full review of whether the plaintiff properly exhausted these three claims, or whether he has procedurally defaulted on any of these claims; the respondent may raise objections to exhaustion or default in his pleadings.

The court finds that the petitioner has not exhausted his state court remedies on ground four—the claim that his trial and appellate attorneys failed to object to the joinder of his sexual assault charges against all three victims. In the petition, the petitioner concedes that he did not exhaust the state remedies on this ground, but states that the reason he did not do so was because his "[s]tate appointed appellant counsel for his initial appeal and counsel refuse to address this issue." Dkt. No. 1 at 10. He then states, "In the State of Wisconsin a defendant does not have the right to hybrid-representation. Therefore, [I] must bring this issue in what's known in Wisconsin as a *Knight Petition*." Id. at 11.

In 1992, the Wisconsin Supreme Court decided State v. Knight, 168 Wis.2d 509 (Wis. 1992). "The sole issue before the court [was] the appropriate vehicle for relief for a criminal defendant who asserts that his or her appellate counsel provided ineffective assistance of counsel." Id. at 512. "The parties agree[d] that a criminal defendant who believes he . . . has been denied effective assistance of appellate counsel is entitled to a procedure and forum for asserting [that] claim." Id. at 511. The court also noted, "Due process requires that a criminal defendant receive effective assistance of appellate counsel in bringing the first appeal as of right." Id. at 511-12 (citing Evitts v. Lucey, 469 U.S. 387 (1985)). The court concluded that "the appropriate procedure" for bringing a claim for ineffective assistance of appellate counsel "is a habeas corpus proceeding and the proper forum is the court that considered the appeal." Id. at 512-13.

6

The petitioner concedes that he "must raise this issue[]" (the issue regarding his attorneys' failure to object to joinder) "in the lower court," Dkt. No. 1 at 12, and he acknowledges that he has not exhausted his remedies on this claim, id. at 11-12. The petition does not state, however, whether the petitioner has begun that process, or whether he wishes to do so.

As indicated above, the law does not allow this court to consider a *habeas* petition that contains both exhausted and unexhausted claims (also known as a "mixed" petition). Rose v. Lundy, 455 U.S. 509, 510 (1982). In Rhines v. Weber, 544 U.S. 269, 277 (2005), however, the Supreme Court held that a district court can hold a mixed petition in "stay and abeyance," but "only in limited circumstances." The district court can grant a stay only if the petitioner has demonstrated "good cause" for his "failure to exhaust his claims first in state court," and "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. (citation omitted).

"Stay and abeyance is available when: (1) there was good cause for the petitioner's failure to exhaust his claim first in state court; (2) the unexhausted claim is potentially meritorious; and (3) the petitioner did not engage in intentionally dilatory litigation tactics." Eison v. Baenen, No. 12-CV-932, 2013 WL 1067989, at *2 (E.D. Wis. Mar. 14, 2013) (citing Rhines, 544 U.S. at 277-78). Further, "[a]ny stay should include reasonable time limits on a petitioner's trip to state court and back." Id. Finally, "if the court determines that stay and abeyance is inappropriate," the court should allow the petitioner "to dismiss

7

any unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair his right to obtain federal habeas review." Id.

The court has no evidence before it to indicate that the petitioner in this case has engaged in any intentional dilatory litigation tactics. Nor can the court conclude that the claim he indicates he has not exhausted (that his attorneys were ineffective by failing to raise the issue of misjoinder) are clearly meritless. Thus, it appears that the court could hold the petitioner's federal *habeas* case in "stay and abeyance" to allow the petitioner to exhaust the claim in state court, if that is what the petitioner chooses to do.

The court will order the petitioner to file a document informing the court (a) whether he plans to pursue the ineffective-assistance-misjoinder claim in state court, (b) if so, what progress he has made in that pursuit (Has he filed a *habeas* petition in state court? Have briefs been filed? Has the state court ruled on the petition?), and (c) if he is pursing that claim, how he wishes to proceed in this federal *habeas* petition. With regard to part (c) of the previous sentence, the petitioner should notify this court whether he wants the court to (a) hold his federal *habeas* case in "stay and abeyance" until the state court litigation is finished, or (b) dismiss the federal *habeas* case and let him re-file when he has exhausted the unexhausted claim, or (c) allow him to amend his petition to remove the unexhausted claim, and to proceed only on the three exhausted claims. The petitioner should be aware that if he opts to have the court dismiss the federal *habeas* petition, it is possible that by the time he files

8

a new petition, the statute of limitations may have run on the unexhausted claims. At the end of this order, the court will provide the petitioner with a deadline by which to file the document containing this information.

### III. AVAILABILITY OF FEDERAL RELIEF

The court now considers whether the petitioner has raised claims, in the three exhausted claims, for which the court might grant federal *habeas* relief. Section 2254(a) allows a federal district court to consider the merits of a *habeas* petition when the petitioner claims "that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing §2254 Cases requires a district court to "screen" a §2254 petition, to make sure the petition alleges a claim for which a federal court may grant habeas relief. That rule says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In "screening" a §2254 petition, the court tries to figure out whether the petitioner has laid out cognizable constitutional or federal law claims.

The petitioner's first and second claims—that he received ineffective assistance of counsel from his trial attorney—are claims arising under the Sixth Amendment to the Constitution. That amendment guarantees a defendant in a criminal trial the right to have "assistance of counsel for his defense;" to be meaningful, that assistance must be effective. <u>Strickland v.</u>

9

Washington, 466 U.S. 668 (1984). The court finds that the petitioner's first and second claims are claims for which a federal court could grant *habeas* relief.

The petitioner's third claim is that the "circuit court should have granted the motion for re-sentencing as the original sentence is based on inaccurate information." Dkt. No. 1 at 8. While the petitioner does not state which provision of the Constitution he believes the circuit court violated, it appears to this court that he is alleging that the circuit court violated his right to due process, guaranteed by the Fourteenth Amendment. That amendment states that no state may "deprive any person of life, liberty, or property, without due process of law." "There is a long-standing recognition that a criminal defendant has a due process right to be sentenced based on accurate information." Benson v. Douma, No. 14-C-249, 2014 WL 1338836, at *1 (E.D. Wis. April 3, 2014) (citing United States v. Tucker, 404 U.S. 443, 447-48 (1972); Townsend v. Burke, 334 U.S. 736, 740-41 (1948); Ben-Yisrayl v. Buss, 540 F.3d 542, 554 (7th Cir. 2008)). The court finds that the petitioner's third claim is a claim for which a federal court could grant *habeas* relief.

If the petitioner asks this court either to hold this case in "stay and abeyance," or to amend his complaint to omit the unexhausted claim, the court will allow the petitioner to proceed on the three unexhausted claims discussed above.

## IV. CONCLUSION

The court **ORDERS** that within forty-five (45) days of the date of this order, the petitioner must file a written document advising the court of whether

he intends to pursue the unexhausted claim in state court, the status of the state court litigation (if he has started it), and how he wishes to proceed in this case. Specifically, the plaintiff must advise the court in this written document whether he wishes the court to stay this federal *habeas* proceeding in its entirety while he pursues exhaustion of remedies on his joinder claim, or wishes the court to allow him to amend his complaint to remove the unexhausted claim, or wishes the court to dismiss the federal *habeas* case altogether. Once the court receives that information, it either will dismiss the case, stay the proceeding or allow the petitioner to amend the complaint and enter an order setting a deadline by which the respondent must respond to the exhausted claims.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge