UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT D. LEE-KENDRICK,

    Petitioner,

v.           Case No. 15-cv-1117-pp

SCOTT ECKSTEIN,[1]

    Respondent.

---

**ORDER LIFTING STAY, DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 20) AND REQUIRING RESPONDENT TO RESPOND**

---

**I. Background**

On September 15, 2015, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. ¶2254, challenging his 2007 conviction for repeated sexual assault of a child. Dkt. No. 1. On December 2, 2015, the court issued an order screening the petition, noting that it raised four grounds for relief. Dkt. No. 8 at 2. The court pointed out that the petitioner had not exhausted his state-court remedies as to the fourth ground—the claim that the petitioner's trial and appellate attorneys had failed

---

[1] When the petitioner filed his petition, he was incarcerated at Dodge Correctional Institution. Dkt. No. 1. He correctly named as the respondent the warden of Dodge, Marc Clements. Id. at 1. About a month ago, the petitioner notified the court that he'd been transferred to Green Bay Correctional Institution. Dkt. No. 24. Thus, the court has substituted the warden at Green Bay, Scott Eckstein, as the respondent. See 28 U.S.C. §2242.

1

to object to the joinder of his sexual assault charges against all three victims. Id. at 6. The court explained that it could not consider a petition that contains both exhausted and unexhausted claims, id. at 7, but suggested that it could stay his *habeas* petition if the petitioner wanted to return to state court to exhaust his remedies on the fourth claim, id. at 8. The court laid out the petitioner's options and asked the petitioner to file a report telling the court which course of action he wished to take. Id. The court also examined the petitioner's first three (exhausted) grounds, and determined that it would allow the petitioner to proceed on those claims if the petitioner elected either to stay the case pending exhaustion on his fourth claim, or to amend the petition to dismiss the unexhausted fourth claim. Id. at 10.

On December 9, 2015, the petitioner timely filed a report asking the court to stay his federal *habeas* proceeding while he pursued his state court remedies. Dkt. No. 9. The court granted that request on December 29, 2016, and stayed these federal proceedings until the petitioner informed the court that he had exhausted his remaining claim. Dkt. No. 10. The court ordered the petitioner to file a status report every ninety days. Id. The petitioner filed five status reports in 2016 (dkt. nos. 11, 12, 13, 14 and 15); the court received the last one on October 12, 2016 (dkt. no. 15). The court heard nothing from the petitioner for the next eight months.

On June 9, 2017, the court issued an order, requiring the petitioner to update the court on the status of his state-court exhaustion efforts. Dkt. No. 16. The court received status reports on June 16, 2017 (dkt. no. 17) and

2

September 20, 2017 (dkt. no. 18), and on November 29, 2017, the petitioner filed a supplement to his petition, notifying the court that his state court proceedings had concluded as of November 13, 2017 and asking the court to lift the stay, dkt. no. 19. Since then, he also has filed a motion asking the court to appoint counsel to represent him. Dkt. No. 20.

II.     **Request to Lift the Stay**

The petitioner's November 29, 2017 filing informed the court that he had exhausted his ineffective assistance of counsel argument. Dkt. No. 19. He stated that he "now wishe[d] to supplement his previously filed writ to include the one other ground that is now properly exhausted along with the seven other grounds raised in State court." Id. at 1.

The supplement the petitioner filed breaks his ineffective assistance claim down into several parts. He asserts that his trial counsel (1) erred in allowing the state to join the sexual assault charges against victim K.D. with what he argues was a separate set of assault charges against victims A.W. and T.K. (dkt. no. 19 at 3); (2) failed to investigate, and present testimony from, a readily available witness who had impeaching evidence as to victim A.W. (id. at 5); (3) failed to introduce "readily available recanting voicemail evidence of complaining victim witness" (id. at 6); (4) failed to move for dismissal of all the charges due to the destruction of allegedly exculpatory DNA evidence (id. at 8); (5) failed to introduce allegedly admissible DNA evidence (id. at 10); and (5) failed to preserve two of the jury's written communications to the trial court (id.

3

at 12). He also asserts that his *appellate* counsel was ineffective for failing to dispute the accuracy of the transcripts. Id. at 13.

These arguments all relate to the petitioner's fourth claim—his ineffective assistance of counsel claim. The petitioner asserts that he now has exhausted these arguments. The court does not know if that is true—the petitioner did not provide the court with a copy of the post-conviction motion he filed in state court, or that court's decision, or the court of appeals' decision. He provided only the Supreme Court's order denying his petition for review. Dkt. No. 19-1 at 7. Thus, at this early stage, the court cannot tell whether the petitioner has exhausted each of these ineffective assistance arguments. But for now, the court will assume that the petitioner is correct, and that what he was doing in the months between December 2015 and November 2017 was exhausting all these claims. For screening purposes, the court concludes that under Rule 4 of the Rules Governing Section 2254 Cases, it does not plainly appear from the face of the petition that the petitioner is not entitled to relief. This finding does not bar the respondent from raising an exhaustion issue later if it is warranted.

The supplement includes one other claim which doesn't fall under the category of "ineffective assistance of counsel." The last claim in the supplement—claim #8—is titled, "The State Appeals' Court's Decision Was Based On An Unreasonable Determination Of The Facts In Light Of The Evidence Presented, Thus, Under U.S.C.S. § 2254, Federal Court May Grant A Writ Of Habeas Corpus." Id. at 15. In this section of the supplement, he makes general arguments about how the state court erred. Although the petitioner

4

lists this heading as if it were a new claim, it really isn't. The heading is a restatement of what a petitioner must show to obtain *habeas* relief. See 28 U.S.C. §2254(d)(2). Again, this court does not have the court of appeals decision, so it cannot determine whether the appellate court erred. The court simply will treat this argument as a summary argument that the court of appeals erred in ruling on the specific claims the petitioner has listed.

The court will grant the petitioner's request to lift the stay in the federal *habeas* proceedings, and will order the respondent to respond to the grounds raised in the petitioner's original petition, dkt. no. 1, and the detailed allegations in numbers 1-7 of the November 2017 supplement, dkt. no. 19 at 3-14.

**III.  Motion for Appointment of Counsel (Dkt. No. 20)**

"A petition for habeas corpus relief is not part of the criminal proceeding, and it is generally considered to be a civil case." Johnson v. Chandler, 487 F.3d 1037, 1038 (7th Cir. 2007). A prisoner does not have a constitutional right to counsel to mount a collateral attack on his conviction; "the right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013). The court does not have money to hire lawyers for civil litigants. Because there are not enough volunteer lawyers to represent every civil litigant who asks for one, the court must carefully consider each request to determine when to appoint

counsel. For a court to consider appointing counsel to represent a civil party, the party must first make reasonable efforts to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a party can satisfy this requirement by providing the court with: (1) the attorneys' names, (2) the addresses, (3) the date and way the party attempted to contact them, and (4) the attorneys' responses.

Once the party demonstrates that he has made reasonable attempts to hire counsel on his own, the court must decide "whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the party's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The petitioner says that while he knows a little bit about basic constitutional rights, he does not have "a scholarship education of the law," and is not "learned in habeas law as needed for his current claim before the Court." Dkt. No. 20. He asserts that because of the "vast language and

plenteousness" of federal *habeas* law, he needs a lawyer; he says that it is "nearly impossible" for him to effectively make his claims to the court. Id.

The petitioner has not provided the court with any information that he has tried to find a lawyer on his own. That means he has not satisfied the first prong of the Pruitt test. Even if he had provided that information, however, the court would deny the petitioner's request. The court notes that the petitioner has done a good job so far of laying out what happened to him, and explaining why he thinks that the court should grant his petition. The court understands his claims, and can follow them easily. A *habeas* case is different from a civil lawsuit; the parties do not exchange "discovery" with each other, or take depositions, or file motions for summary judgment. The next step in the process is for the respondent to file a response to the petitioner's claims. Once the petitioner has seen that response, he can file a brief, explaining why the court ought to rule in his favor. The court believes, given what the petitioner has filed so far, that he will be able to review the response, and then to tell the court why he thinks the court should grant him relief.

IV. Conclusion

The court **GRANTS** the petitioner's motion to lift the stay. Dkt. No. 19. The court **ORDERS** that the January 29, 2016 stay (dkt. no. 10) is **LIFTED**.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for appointment of counsel. Dkt. No. 20.

The court **ORDERS** that by the end of the day on **November 28, 2018**, the respondent shall either file an answer to the petition, or shall file a motion

to dismiss. If the respondent files an *answer,* the parties shall comply with the following briefing schedule:

> (1) the petitioner shall file a brief in support of his petition in time for the court to receive it by the end of the day on **January 28, 2019**;
>
> (2) the respondent shall file his opposition brief to the petition in time for the court to receive it by the end of the day on **March 15, 2019**; and
>
> (3) if the petitioner chooses to file a reply brief, he shall file that reply brief in time for the court to receive it by the end of the day on **April 15, 2019.**

If the respondent files a *motion to dismiss,* the parties shall comply with the following briefing schedule:

> (1) the petitioner shall file his opposition brief to the motion to dismiss in time for the court to receive it by the end of the day on **January 28, 2019;**
>
> (2) if the respondent chooses to file a reply brief, the respondent shall file that brief in time for the court to receive it by the end of the day on **February 27, 2019**.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statement of facts, exhibits and affidavits.

Dated in Milwaukee, Wisconsin this 28th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**